# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM HOLLIDAY,

                    Plaintiff,                  Case Number: 2:13-CV-15286
                                                    HONORABLE ARTHUR J. TARNOW

v.

CITY OF DETROIT, ET AL.,

                    Defendants.

_____/

## ORDER DENYING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Florida state prisoner William Holliday has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  The complaint challenges the lawfulness of Plaintiff's present confinement and names as defendants the City of Detroit, a Detroit police officer, the City of Pensacola, and the Escambia County Sheriff's Department.  Plaintiff seeks monetary and injunctive relief.  Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case.  See 28 U.S.C. § 1915(a)(1) (1996).  For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action.  28 U.S.C. § 1915(a)(2).  A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

*Holliday v City of Detroit, et al., No. 13-15286*

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Plaintiff has filed three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Holliday v. Tomlinson*, No. 4:10-cv-264 (N.D. Fla. Sept. 13, 2010) (imposing three-strikes bar and citing previous actions that count as strikes).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within the

2

*Holliday v City of Detroit, et al., No. 13-15286*

exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. Mar. 28, 2011). *See also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury). Plaintiff's allegations that Defendants violated his rights under the Due Process Clause by plotting with one another to have him wrongfully arrested and convicted do not fall within the "imminent danger" exception of § 1915(g). *See Gray v. Clerk*, 2010 WL 553819, *1 ("Plaintiff's claims of unlawful confinement do not remotely approach allegations of 'imminent danger of serious physical injury'").

*Holliday v City of Detroit, et al., No. 13-15286*

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed *in forma pauperis*.  Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 13, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 13, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

4